**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4389**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BILLY JOE COLLINS, a/k/a B.J.,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00375-NCT-4)

─────────

Submitted:  June 8, 2010              Decided:  June 25, 2010

─────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Billy Joe Collins of conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced him to a 262-month term of imprisonment. Collins appeals his conviction on the grounds that the district court erred in admitting certain testimony and that the evidence did not support his conviction. Finding no reversible error, we affirm.

Collins challenges as unfairly prejudicial the district court's admission of testimony about the search of his home, which resulted in the seizure of a drug ledger, and of testimony that he received stolen property in exchange for methamphetamine. See Fed. R. Evid. 403. We review a district court's evidentiary rulings for an abuse of discretion. United States v. Roe, __ F.3d __, __, 2010 WL 2108488, at *4 (4th Cir. May 27, 2010) (stating standard of review). A district court "abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion or relies on erroneous factual or legal premises." United States v. Mallory, 568 F.3d 166, 177 (4th Cir. 2009) (internal quotation marks and citation omitted), cert. denied, 130 S. Ct. 1736 (2010).

2

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." United States v. Basham, 561 F.3d 302, 327 (4th Cir. 2009) (internal quotation marks and citation omitted), cert. denied, __ U.S. __, 78 U.S.L.W. 3341 (U.S. June 1, 2010) (No. 09-617). Thus, "[e]vidence . . . should be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." United States v. Siegel, 536 F.3d 306, 319 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 129 S. Ct. 770 (2008).

With these standards in mind, we have reviewed the record on appeal and conclude that the district court did not abuse its discretion in admitting the challenged testimony. Assuming, without deciding, that the court erred by admitting the testimony characterizing the property traded for methamphetamine as stolen, any error was harmless. See United

3

States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009) (providing standard), cert. denied, __ U.S. __, 78 U.S.L.W. 3611 (U.S. Apr. 19, 2010) (No. 09-9648). Thus, Collins is not entitled to relief on his evidentiary claims.

Collins also challenges the district court's denial of his motion for judgment of acquittal, contending that the evidence established only buyer-seller relationships and that there was no evidence that he worked with anyone else or that the sellers knew he would re-sell the drugs. Collins also points out that, at trial, he denied any involvement with drugs.

This court reviews de novo the district court's decision to deny a motion filed pursuant to Fed. R. Crim. P. 29. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court confines "reversal [of a conviction] on grounds of insufficient evidence . . . to cases where the prosecution's failure is clear." Green, 599 F.3d at 367 (internal quotation marks and citation omitted).

Our review of the trial transcript leads us to conclude that the evidence supported the jury's verdict. See id. (setting forth elements of conspiracy offense). Collins

4

asserts, however, that he merely engaged in buyer-seller transactions. We have held that "[e]vidence of a buy-sell transaction . . . coupled with a substantial quantity of drugs[] would support a reasonable inference that the parties were coconspirators." United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) (internal quotation marks, alteration, and citation omitted). Although Collins also contends that he did not participate in a conspiracy because the sellers did not know he planned to re-sell the drugs, coconspirators need not know all of the details of the conspiracy. Green, 599 F.3d at 367. Finally, to the extent Collins relies on his testimony that he did not participate in any drug transactions and he challenges his coconspirators' testimony against him on the ground that they testified in the hope of receiving a reduced sentence, "we do not weigh the evidence or assess the credibility of witnesses, but assume that the jury resolved any discrepancies [in the testimony] in favor of the government." United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). Thus, we find that the district court did not err in denying Collins' Rule 29 motion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED